# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:12-cr-162 |
| v. | ) | |
| | ) | |
| BRANDON BOONE and | ) | |
| ALLAN WILLIAMS, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Now pending before the Court are the following motions in limine filed on the eve of trial: DEFENDANT ALLAN WILLIAMS' MOTION IN LIMINE FOR A PRE-TRIAL RULING ON THE USE AND ADMISSIBILITY OF CRIMINAL CONVICTIONS OF CERTAIN INDIVIDUALS (ECF NO. 861); and DEFENDANT ALLAN WILLIAMS' MOTION IN LIMINE (OR TO SUPPRESS) AN IN-COURT IDENTIFICATION BY CERTAIN GOVERNMENT WITNESSES (ECF NO. 863). The government filed an expedited response to the motions and they are ripe for disposition. Because the motions were filed less than one workday before the commencement of trial, the Court's analysis will be abbreviated. The Court recognizes that the basis for the motions became apparent to defense counsel only after his review of the Jencks Act materials.

Criminal Histories of Witnesses

Defendant Williams seeks to introduce certain, but not all, of the prior criminal convictions of three cooperating witnesses to be called by the government. Williams contends that the applicable convictions are relevant and admissible because they: (1) show the witnesses'

1

motives to curry favor with the government (i.e., to avoid increased punishment); and/or (2) involve an element of deceit, untruthfulness or falsification. In sum, Defendant Williams contends that such information is important for the jury to consider in weighing the credibility of those witnesses in accordance with Fed. R. Evid. 609 and 403.

In its response, the government agrees that many of the convictions which have been identified by Williams are properly admissible. However, the government opposes the motion in part, as follows: (1) prior convictions for "unauthorized use of a vehicle," "criminal trespass" and "robbery" are not admissible under Rule 609 because they do not involve dishonesty; (2) Williams has not provided an adequate foundation as to testimony regarding JW's favorable plea agreement in 2012. Importantly, the government attorneys represent that they had "absolutely no involvement" regarding that case; and (3) one of the witnesses should be cross-examined based on his "Career Offender" status without specifically referencing his underlying, predicate convictions. The Court will address the government's objections seriatim.

1. Crimes of Dishonesty

The Court agrees with the government that the prior convictions for "unauthorized use of a vehicle," "criminal trespass" and "robbery" are not admissible. In *United States v. Walker*, 385 F.3d 321, 334 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit explained: "The proper test for admissibility under Rule 609(a)(2) does not measure the severity or reprehensibility of the crime, but rather focuses on the witness's propensity for falsehood, deceit or deception." *Walker* held that "robbery" is not a crime involving communicative dishonesty. Similarly, in *United States v. Rattigan*, 1993 WL 190910 (6th Cir. 1993) (unpublished), the Sixth Circuit held that the crimes of "unauthorized use of a vehicle" and "criminal trespass" under

Ohio law were not crimes of dishonesty under Rule 609. Accordingly, such prior convictions are not admissible.

2. Foundation for 2012 Plea Agreement

In light of the government's representation, the Court cannot discern any plausible causal connection between the "favorable plea" in 2012 and the testimony of the witness in this case. Thus, such evidence would be irrelevant and inadmissible under Rule 403. Defense counsel shall have an opportunity to submit an appropriate proffer if he continues to seek admissibility of such testimony and evidence. Accordingly, the Court will deny Defendant's motion as to the 2012 plea and conviction without prejudice.

3. Career Offender Predicate Offenses

The predicate offenses at issue are: (1) voluntary manslaughter; (2) possession of a weapon in prison; and (3) transportation of marijuana. The government concedes that Defendant Williams may cross-examine a witness based on his "Career Offender" status, but argues that Defendant should be precluded from referencing the specific predicate offenses because such testimony would be unduly prejudicial. The government has not cited any authority for this proposition. Nor has the government articulated any other rationale by which these convictions should be excluded from evidence.

The text of Fed. R. Evid. 609 is framed in terms of "convictions" rather than "Career Offender" status. Indeed, the Rule provides that evidence of a felony conviction "must" be admitted, subject to Rule 403, in a criminal case in which the witness is not a defendant. The government has not articulated a sufficient showing that the probative value of the underlying,

predicate offenses would be "substantially outweighed" by unfair prejudice. Accordingly, cross-examination based on each of the predicate offenses will be permitted.

In accordance with the foregoing, DEFENDANT ALLAN WILLIAMS' MOTION IN LIMINE FOR A PRE-TRIAL RULING ON THE USE AND ADMISSIBILITY OF CRIMINAL CONVICTIONS OF CERTAIN INDIVIDUALS (ECF NO. 861) is hereby **GRANTED IN PART AND DENIED IN PART**.

In-Court Identification

In essence, Defendant Williams contends that the government has failed to establish an appropriate foundation as to the ability of two of the alleged co-conspirators to identify Williams during the trial. Defendant Williams further contends that the techniques used by the government to elicit out-of-court identifications by these two witnesses were unnecessarily suggestive. In response, the government represents that it can establish a valid basis for the identifications. To wit, one of the witnesses grew up in the same small town and has known of Williams for many years; and the other witness allegedly met Williams many times over several months.

Even if the out-of-court photograph procedures were faulty, the in-court identification may be admissible. In *Perry v. New Hampshire*, 132 S. Ct. 716 (2012), the United States Supreme Court explained that "the potential unreliability of a type of evidence does not alone render its introduction at the defendant's trial fundamentally unfair." The real question is whether such testimony is reliable, based on the totality of circumstances. The *Perry* Court listed the myriad factors which may impact the reliability of an identification; noted the ability of counsel to conduct effective cross-examination; and recognized that it is traditionally the role of

the jury, not the judge, to determine reliability. Given the timing of the instant motion, the Court cannot conclusively determine whether or not the government will be able to establish an appropriate foundation for an in-court identification. However, the government will be given an opportunity to do so.

In accordance with the foregoing, DEFENDANT ALLAN WILLIAMS' MOTION IN LIMINE (OR TO SUPPRESS) AN IN-COURT IDENTIFICATION BY CERTAIN GOVERNMENT WITNESSES (ECF NO. 863) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 2nd day of September, 2014.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:

**Barbara K. Doolittle, AUSA**
Email: Barbara.Doolittle@usdoj.gov

**Charles A. Eberle**
Email: charles.eberle@usdoj.gov

**Christopher M. Capozzi, Esquire (for Allan Williams)**
Email: chris@cmcapozzilaw.com

**Steven C. Townsend, Esquire (for Brandon Boone)**
Email: stownsend@pghlaw.com