IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| vs. | ) 2:12-cr-162-TFM ) 2:15-cv-461-TFM |
| ALLAN WILLIAMS | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (ECF No. 1103), filed by counsel for Defendant Allan Williams. The government has filed a response in opposition to the motion (ECF No. 1140). Accordingly, the motion is ripe for disposition. For the reasons that follow, the motion will be denied without a hearing, and no certificate of appealability will be issued.[1]

### I.     Background

On June 13, 2012, a federal grand jury sitting in the Western District of Pennsylvania returned an 18-count Indictment against Allan Williams ("Williams") and 19 codefendants in relation to their involvement in drug trafficking. Williams was charged in Count One with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine in violation of Title 21 U.S.C. § 846.

---

1.     A district court has the authority to dismiss a motion to vacate without holding an evidentiary hearing when it is clear from both the motion and the record that the movant is not entitled to relief. See U.S.C. § 2255(b); Rule 4(b) of the Rules Governing § 2255 Proceedings. As more fully explained herein, Williams has not demonstrated a prima facie entitlement to relief. Accordingly, the Court will resolve this motion without a hearing.

1

On March 19, 2013, a federal grand jury sitting in the Western District of Pennsylvania returned a 22-count Superseding Indictment within which the first 15 counts remained the same as charged in the original indictment. Allan Williams was charged only in Count One.

A trial in this action was scheduled to commence on September 2, 2014, against Williams and two codefendants, Brandon Boone and Michael Porter. On the morning of jury selection, however, Williams, who was represented by counsel[2], advised the Court that he intended to change his plea of not guilty to a plea of guilty to a lesser-included offense in Count One of the superseding indictment pursuant to a plea agreement with the government. (Tr., ECF No. 1127 at 4). It was stipulated that the type and quantity of controlled substance attributable to Williams was at least 100 grams, but less than 200 grams of cocaine. *Id.* The Court conducted a thorough colloquy to assure that Williams' plea was knowing and voluntary. (Tr., ECF No. 1127). In open court, Williams acknowledged that he had read, discussed with his attorney and understood the plea agreement. *Id.* at 21. Williams also acknowledged that he had signed page five of the plea agreement and that his signature was placed on the document of his own free will. *Id.* at 21-22.

Following the change-of-plea hearing, the probation office prepared a Presentence Investigation Report ("PSI"). According to the PSI, Williams' offense level was 13 (i.e., 16 minus three for acceptance of responsibility), after applying the reductions in § 3E1.1(a) and § 3E1.1(b). Moreover, his criminal history category was III, which resulted in a Guidelines range of incarceration of 18 to 24 months. After a sentencing hearing on January 5, 2015, Williams

---

2. Williams was represented by attorney Christopher Capozzi throughout the pretrial process and during his change-of-plea hearing and sentencing. However, on January 21, 2015, Capozzi was granted leave to withdraw as Williams' counsel based upon an allegation that Williams intended to pursue a claim against defense counsel for ineffectiveness. The Court appointed Frank Arcuri who then filed a motion to withdraw from representation on January 30, 2015. Arcuri stated he was ethically required to withdraw pursuant to the Pennsylvania Rules of Professional Responsibility including, but not limited to, Rule 1.16(b)(4). Attorney Jon Pushinsky has since been representing Williams.

was ultimately sentenced within the guideline range to 21 months in prison, to be followed by a three-year term of supervised release. (Tr., ECF No. 1128 at 30).

On April 6, 2015, Williams filed the pending § 2255 motion, in which he seeks relief from his conviction and sentence. The Government filed a timely response; and the motion is now ripe for disposition.

## II. Legal Standard

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x 75, 78 (3d Cir. 2014), which were initially set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, (1984) *superseded on other grounds by* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also* Roe v. Flores–Ortega, 528 U.S. 470, 476–477 (2000) (citing *Strickland*, 466 U.S. at 688, 694); *United States v. Day,* 969 F.2d 39, 43 (3d Cir. 1992) (quoting *Strickland,* 466 U.S. at 694). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in *Strickland* [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d

3

Cir. 2005), which quoted *United States v. McCoy*, 410 F.3d 124, 132 n. 6 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

### III. Discussion

The § 2255 petition sets forth grounds for relief based upon counsel's alleged prejudicial ineffectiveness. Williams alleges that he was coerced into involuntarily and unknowingly entering a plea of guilty in violation of his Fifth and Sixth Amendment rights. In support of his allegation, Williams states that he was convinced by assurances from his counsel that he would not receive a sentence of incarceration should he waive his trial rights and plead guilty.

#### A. Defendant's Guilty Plea was Knowing and Voluntary and with the Effective Assistance of Counsel

Williams claims that his guilty plea was coerced by his attorney's false assurances that his sentence would not include incarceration. Nevertheless, whatever counsel told Williams, no prejudice befell him because he had been fully advised at the time of his plea hearing of his constitutional rights, that his maximum potential exposure was a twenty-year term of imprisonment and that the sentencing court had the discretion to impose a just sentence up to the statutory maximum regardless of any other prediction or expectation. Williams stated in open court that he understood his rights, the potential sentence and that he had not been forced to enter a plea of guilty.

"It has long been settled as a general rule that where an adequate guilty plea hearing has been conducted, an erroneous prediction or assurance by defense counsel regarding the likely sentence does not constitute grounds for invalidating a guilty plea on grounds of ineffective assistance of counsel." *Brown v. United States,* 75 F. Supp. 2d 345, 355 (D.N.J. 1999) aff'd. 45 F. App'x 92

(3d Cir. 2002). *See also United States v. Shedrick,* 493 F.3d 292, 299 (3d Cir. 2007) (counsel's deficient performance in advising defendant about sentencing exposure can be cured where a written plea agreement clearly established maximum exposure and sentencing court's discretion and by "an adequate plea hearing"); *United States v. Jones*, 336 F.3d 245, 254 (3d Cir. 2003) (counsel not ineffective for allegedly promising defendant a sentence of "no more than 71 months" when defendant had been advised in an open-court colloquy of the potential maximum sentence and there were no other promises regarding sentence); *United States v. Mustafa,* 238 F.3d 485, 492 (3d Cir. 2001) ("any alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when [defendant] was informed in open court that there was no guarantee as to sentence, and that the court could sentence him to the maximum."); *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir.1972) (per curiam) (holding that "[a]n erroneous prediction of a sentence by defendant's counsel does not render a guilty plea involuntary" especially when the record demonstrates that a proper plea colloquy took place during which defendant acknowledged that he was aware of his maximum potential sentence); *United States v. Stephens,* 906 F.2d 251, 253 (6th Cir. 1990) ("The mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement…This is especially true under the new Sentencing Guidelines.") (quoting *United States v. Sweeney,* 878 F.2d 68, 70 (2d Cir. 1989). "The rationale is that the Rule 11[3] colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about

---

3. Federal Rules of Criminal Procedure, Rule 11(b)(1) reads in pertinent part: Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law …

the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel." *Brown,* 75 F. Supp. 2d at 355.

Furthermore, Petitioner bears the burden of demonstrating that but for counsel's allegedly deficient performance, a reasonable probability exists that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). As the Supreme Court has more recently clarified, the defendant "must convince the court" that a decision to go to trial "would have been rational under the circumstances." *Padilla v. Kentucky,* 559 U.S. 356, 372 (2010). Thus, a defendant's "bare allegation" that he would have insisted on going to trial is not enough. *Parry v. Rosemeyer,* 64 F.3d 110, 118 (3d Cir. 1995). To make such a showing, the defendant must point to "objective evidence that he would not have pled guilty" and instead proceeded to trial. *Hutchings v. United States,* 618 F.3d 693, 697 (7th Cir. 2005) (citing *United States v. Cieslowski,* 410 F.3d 353, 359 (7th Cir. 2005)).

This case falls within well-established precedent. Defense counsel's predictions to his client about sentencing are irrelevant where the written plea agreement and in-court guilty plea colloquy clearly establish the maximum potential exposure and the sentencing court's discretion. In fact, Williams puts forth no facts to support his allegations that he was promised or assured of a specific sentence, nor does he challenge the adequacy of his guilty plea colloquy. The record of Williams' understandings, under oath, at the time of his guilty plea, completely undermines his claims.

At the outset of the plea hearing, Williams was informed that if he did not understand any question during the proceeding, he should let the court know "as it is essential to a valid plea of guilty that [he] understand each and every question before answer[ing] and that [he] answer accurately and truthfully." (Tr., ECF. No. 1127, at 4). At no time during the proceeding did he

6

appear not to comprehend that which was being communicated. Nor did he ask for any clarification.

The Court asked if Williams had received, read and reviewed the entire indictment pending and he answered in the affirmative. He also stated that he had fully discussed the charge with his attorney. Likewise, he was asked if he had received, read and signed the plea agreement to which he answered affirmatively.

The Court also explained his constitutional right to a trial by jury and all other important constitutional rights, which Williams indicated he had discussed with counsel, understood fully, and wished to waive in connection with his guilty plea.

Williams affirmed that he understood all the relevant sentencing procedures and risks, how the Sentencing Guidelines work, how departures are determined, and the maximum penalties provided by law, all of which were explained in detail. He was also informed that the sentence ultimately imposed may be different from any estimate his attorney may have given him. (Tr., ECF No. 1127 at 22). Williams was asked if anyone had made any prediction or promise as to his sentence or whether anyone threatened him in any way as a persuasion for his guilty plea - Williams did not advise the court of any promise purportedly made by counsel or of any threats. In fact the record clearly reflects that no pressure was applied to get Williams to plead guilty. He represented that he was pleading guilty of his own free will and that no one had threatened or promised anything to get him to plead guilty. Furthermore, he voiced his satisfaction with the representation of counsel, to date.

A substantial barrier against setting aside a guilty plea exists when a defendant's solemn declarations in open court demonstrated the lawfulness of the plea. Such testimony carries "a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Here, the entire

plea colloquy undermines Williams' present claims of coercion. His petition offers no reason to reexamine his own words and understanding upon review of the record in this case.

Moreover, Williams cannot claim that he lost anything by pleading guilty instead of going to trial. In fact, if he had gone to trial, he would have been worse off. He would have been charged with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and not the lesser-included offense. (Superseding Indictment Memo, ECF No. 370 at 2). The mandatory minimum penalty he would have faced included a term of imprisonment of not less than ten years and a term of supervised release of at least five years. *Id.* at 7. Additionally, he would have lost the benefit of the three-level reduction for acceptance of responsibility he had received by pleading guilty.

## IV.    Conclusion

For the reasons hereinabove set forth, Williams has failed to demonstrate that his constitutional rights to effective assistance of counsel had been violated. The Court finds that Williams decided to plead guilty following effective assistance of counsel and did so knowingly and voluntarily. The record amply demonstrates that the petition to set aside his guilty plea should be denied. Thus, Williams' MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTORY (ECF No. 1103) will be **DENIED** and Civil Action 2:15-cv-461 will be docketed as **CLOSED.** A certificate of appealability pursuant to 28 U.S.C. § 2253 will not be issued. An appropriate order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) 2:12-cr-162-TFM |
| | ) 2:15-cv-461-TFM |
| ALLAN WILLIAMS | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this 14th day of July, 2015, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY is **DENIED,** and no certificate of appealability will be issued because Williams has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It is **FURTHER ORDERED** that Civil Action 2:15-cv-461 shall be docketed as **CLOSED.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc: **Jon Pushinsky**
Email: jonpush@aol.com

**Barbara K. Doolittle**
Email: BarbaraDoolittle@usdoj.gov

**Jane Dattilo**
Email: Jane.Dattilo@usdoj.gov

**Lee Karl**
Email: Lee.Karl@usdoj.gov

(via CM/ECF)